UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**GENE DeSHAWN M. WATKINS**                                                    **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:14-CV-681-JGH**

**FBI**                                                     **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff, Gene DeShawn M. Watkins, filed a *pro se*, *in forma pauperis* complaint under 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff sues the "FBI." In the portion of the complaint form asking him to state the grounds for filing a case in federal court, Plaintiff states: "Agents was at 1915 Rockford LN Apt. 202 and the female agents was raped by killers plus Montgomery Apts on Rockford . . . have corrdores on the top of the roof so they come threw the doors of the Gene DeShawn M. Watkins ceilin."

The allegations contained in the statement-of-claim portion of the complaint are difficult to follow. Plaintiff claims that FBI agents broke into his house and have "been havin sex for days." He alleges further that "agents have camers that see threw walls and clothes that[']s a violation of my 4th Amendment rights they havin sex w/ my gift to make women have orgasms . . . ." He continues that "since agents r right above my kitchen breakin and entry and I am not getting paid rent plus I am harboring fugitives cuz they over my kitchen breakin also the female

agents doing low level prostitution this has caused me mental distress . . . ." Plaintiff also appears to allege that one of the agents threatened to throw him in the river and that agents have put arsenic in his "bottle water." Plaintiff further claims he is listening to "bugs in the federal building and the bugs on TARC" and that his landlord found someone trying to put angel dust in his house. Plaintiff makes no request for relief.[1]

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

---

[1] In this complaint, Plaintiff makes allegations very similar to allegations made in other lawsuits brought by him in state court and removed to this Court. *See, e.g.*, *Watkins v. Fed. Bureau of Investigation*, No. 3:14-CV-585-JGH (this Court found that complaint fit within the "essentially fictitious" pleadings standards where Plaintiff alleged, among other things, federal cameras which could see through clothes and walls were in his ceiling fan and F.B.I. agents made death threats against him and were having sex with little girls in a sex slave ring).

The Court finds that this action must be dismissed as frivolous under § 1915(e)(2)(B)(i). An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990); *see also Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that a court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness (quoting *Neitzke*, 490 U.S. at 328)). Those characterizations clearly apply to Plaintiff's allegations.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint as frivolous.

Date:

cc:   Plaintiff, *pro se*
      Defendant
4412.009